UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES BRYANT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN SEAFOODS COMPANY, LLC, *et al.*, <br><br> Defendants. | CASE NO.  C07-740RSM <br><br> ORDER GRANTING DEFENDANTS' MOTION TO BIFURCATE |

This matter comes before the Court on defendant American Seafoods Company, LLC's Motion to Bifurcate (Dkt. #122) in which defendants Arica Fishing Company, LLC, and Iquique US, LLC join (Dkt. #123). On September 19, 2007, this Court dismissed plaintiffs' class action claims. (Dkt. #118). The maritime personal injury claims of three plaintiffs remained pending before the Court. Therefore defendants argue that the three claims should be bifurcated pursuant to Fed. R. Civ. P. 42(b) on the grounds that the claims involve separate questions of law and fact. Plaintiffs do not oppose bifurcation, but argue that the claims of a fourth plaintiff previously dismissed by the Court still remains before the Court.

Having reviewed defendants' motion, plaintiffs' response, defendants' reply, the exhibits attached thereto, and the remainder of the record, the Court hereby finds and Orders:

(1) Defendant American Seafoods Company, LLC's Motion to Bifurcate (Dkt. #122) in

ORDER
PAGE - 1

which defendants Arica Fishing Company, LLC, and Iquique US, LLC join (Dkt. #123) shall be GRANTED. The Court finds that the maritime personal injury claims of Charles Bryant, Amir Fagir, and Charles Bernal involve separate questions of law and fact. Bifurcation is necessary in the interest of justice and to avoid undue prejudice to any of the plaintiffs. *See* Fed. R. Civ. P. 42(b). In addition, to the extent plaintiff is seeking clarification on whether the claims of Jose Gamboa ("Gamboa") are still pending, the Court maintains that Gamboa's claims were dismissed in the Court's September 19, 2007 Order dismissing all class claims. Although plaintiffs allege that Gamboa had personal claims for cure, plaintiffs' third amended complaint avers otherwise. It provides that Gamboa "sues for his medical cure in this proceeding and the payment of medical cure that remains unpaid as a result of underpayment of cure as pled in Plaintiffs' class claims . . Gamboa's claims for maintenance, personal injury, loss of earnings, loss of future earnings, pain and suffering are the subject of a separate proceeding in King County Superior Court, and are not brought in this proceeding." (Dkt. #37 at p. 18). This Court dismissed all claims related to the underpayment of cure. Furthermore, contrary to plaintiffs' arguments, Gamboa has no personal claims for cure remaining before this Court.

(2) Case number C07-0740RSM shall proceed only as to the claims of Charles Bryant, the first named plaintiff in the third amended complaint. All defendants shall be terminated from C07-0740RSM with the exception of defendant American Seafoods Company, LLC. The claims of the two other plaintiffs with remaining personal injury claims will be severed from C07-0740RSM. The Clerk is DIRECTED to assign new case numbers for each of those plaintiffs. The case names shall be: <u>Amir Fagir v. American Seafoods Company, LLC</u>; and <u>Charles Bernal v. Arica Fishing Company, LLC, and Iquique US LLC</u>. The undersigned district judge will remain assigned to each case.

(3) Counsel of record for plaintiffs in case number C07-0740RSM will be designated as plaintiff's counsel of record in the two new cases created by the Clerk. Counsel of record for defendant American Seafoods Company, LLC in case number C07-0740RSM will be designated

ORDER
PAGE - 2

as defendant's counsel of record in Amir Fagir v. American Seafoods Company, LLC. Counsel of record for defendants Arica Fishing Company, LLC, and Iquique LLC in case number C07-0740RSM will be designated as defendants' counsel of record in Charles Bernal v. Arica Fishing Company, LLC, and Iquique US LLC.

(3) The operative complaint in each case number above will be the third amended complaint (Dkt. #37). The Clerk is DIRECTED to file a copy of this third amended complaint from C07-0740RSM in Amir Fagir v. American Seafoods Company, LLC and Charles Bernal v. Arica Fishing Company, LLC, and Iquique US LLC, once those cases are created. Unless otherwise directed by the Court, it will not be necessary to file or serve an amended complaint in any of these cases. In each separate case, the parties may disregard allegations in the third amended complaint that relate to plaintiffs other than the individual plaintiff assigned to that case number. In pleadings filed in any given case, the only plaintiff named in the caption should be the plaintiff assigned to that case.

(4) Unless otherwise directed by the Court, all three cases will be coordinated to proceed on the same schedule established by this Court's Minute Order on August 29, 2007. (Dkt. #107). The Clerk is DIRECTED to file a copy of this Minute Order from C07-0740RSM in Amir Fagir v. American Seafoods Company, LLC and Charles Bernal v. Arica Fishing Company, LLC, and Iquique US LLC, once those cases are created.

(5) Plaintiffs' counsel is ORDERED to pay filing fees associated with Amir Fagir v. American Seafoods Company, LLC and Charles Bernal v. Arica Fishing Company, LLC, and Iquique US LLC.

(6) The Clerk shall send a copy of this Order to all counsel of record.

DATED this 19th day of October, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3